IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. _:__-CV-_____-__

EDGAR ZACARIAS AYALA-TOVAR, PABLO )
DE JESUS CAMPOS-GODINES, NICOLAS )
JUAREZ-MARTINEZ, ROQUE PEREA-MONARCA, )
ENRIQUE VALERIO-NARANJO, JUAN )
VILLALOBOS-MONTELONGO, ALBERTO SANCHEZ- )
SANCHEZ, and JESUS VALERIO-NARANJO, )
                                                     )
       Plaintiffs, )
                                                     )
v. )                    COMPLAINT
                                                   )
JEFFREY C. LEE FARMS, and )
BERNARDO PEREZ, )
                                                   )
          Defendants. )
                                                   )
_____ )

I. PRELIMINARY STATEMENT

1. This is an action by former H-2A temporary agricultural workers and employees of Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the common law of contracts, and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. §§ 95-25.1 et seq. The Plaintiffs are former employees of the above-captioned agricultural corporate enterprise and individual (hereinafter referred to collectively as "Defendants"), who jointly and severally employed Plaintiffs in the years 2017 and/or 2018 in or around Johnston and Sampson County, to perform agricultural and related work for Defendants.

2. Plaintiffs pursue claims against the Defendants for: failure to pay the minimum wage required under the FLSA for

1

Plaintiffs' work for Defendants; failure to pay Plaintiffs wages at the promised rate(s) as required by the NCWHA; failure to pay Plaintiffs wages at the promised rate(s) required by the work contracts between Plaintiffs and Defendants; failure to pay all wages owed to Plaintiffs when due, as required by the FLSA, NCWHA, and work contracts between Plaintiffs and Defendants; liquidated damages under the FLSA and NCWHA; and claims for other violations.

3. Plaintiffs seek monetary and declaratory relief against Defendants under the FLSA, NCWHA, and the common law of contracts.

II. JURISDICTION

4. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331 and 1337, 29 U.S.C. § 216(b), and 28 U.S.C. § 1367(a).

5. This Court has the power to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

III. VENUE

6. Venue over this action lies in this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 216(b). A substantial part of the events or omissions giving rise to Plaintiffs' causes of action occurred in one or more counties listed in 28 U.S.C. § 113(a).

IV. PLAINTIFFS

7. In 2017 and 2018, Plaintiff Edgar Zacarias Ayala-Tovar was an H-2A worker with an H-2A visa issued pursuant to 8 U.S.C. §§ 1101(a)(15)(H)(ii)(a), 1184(c), and 1188(a)(1) recruited by and employed by Defendants in agricultural and related work in or

2

around Johnston and Sampson County, North Carolina, from approximately April to November in each of those same years. Throughout the entirety of all of those time periods in 2017 and 2018, Plaintiff Ayala-Tovar was jointly employed by some if not all Defendants to perform agricultural and related work for Defendants and Defendants' enterprise(s), that Defendant(s) has operated and continues to operate, in or around Johnston and Sampson County, North Carolina, within the meaning of 29 U.S.C. §§ 203(d), 203(g), and 203(s)(1)(A), N.C. Gen. Stat. §§ 95-25.2(3) and 95-25.2(18), and 20 C.F.R. §§ 655.103(b) and 655.1300(c).

8. In 2018, Plaintiff Pablo de Jesus Campos-Godines was an H-2A worker with an H-2A visa issued pursuant to 8 U.S.C. §§ 1101(a)(15)(H)(ii)(a), 1184(c), and 1188(a)(1) recruited by and employed by Defendants in agricultural and related work in or around Johnston and Sampson County, North Carolina, from approximately May to November in that same year. Throughout the entirety of that time period in 2018, Plaintiff Campos-Godines was jointly employed by some if not all Defendants to perform agricultural and related work for Defendants and Defendants' enterprise(s), that Defendant(s) has operated and continues to operate, in or around Johnston and Sampson County, North Carolina, within the meaning of 29 U.S.C. §§ 203(d), 203(g), and 203(s)(1)(A), N.C. Gen. Stat. §§ 95-25.2(3) and 95-25.2(18), and 20 C.F.R. §§ 655.103(b) and 655.1300(c).

9. In 2017, Plaintiff Nicolas Juarez-Martinez was an H-2A worker with an H-2A visa issued pursuant to 8 U.S.C. §§

3

1101(a)(15)(H)(ii)(a), 1184(c), and 1188(a)(1) recruited by and employed by Defendants in agricultural and related work in or around Johnston and Sampson County, North Carolina, from approximately May to November in that same year. Throughout the entirety of that time period in 2017, Plaintiff Juarez-Martinez was jointly employed by some if not all Defendants to perform agricultural and related work for Defendants and Defendants' enterprise(s), that Defendant(s) has operated and continues to operate, in or around Johnston and Sampson County, North Carolina, within the meaning of 29 U.S.C. §§ 203(d), 203(g), and 203(s)(1)(A), N.C. Gen. Stat. §§ 95-25.2(3) and 95-25.2(18), and 20 C.F.R. §§ 655.103(b) and 655.1300(c).

10. In 2017 and 2018, Plaintiff Roque Perea-Monarca was an H-2A worker with an H-2A visa issued pursuant to 8 U.S.C. §§ 1101(a)(15)(H)(ii)(a), 1184(c), and 1188(a)(1) recruited by and employed by Defendants in agricultural and related work in or around Johnston and Sampson County, North Carolina, from approximately May to November in those same years. Throughout the entirety of those time periods in 2017 and 2018, Plaintiff Perea-Monarca was jointly employed by some if not all Defendants to perform agricultural and related work for Defendants and Defendants' enterprise(s), that Defendant(s) has operated and continues to operate, in or around Johnston and Sampson County, North Carolina, within the meaning of 29 U.S.C. §§ 203(d), 203(g), and 203(s)(1)(A), N.C. Gen. Stat. §§ 95-25.2(3) and 95-25.2(18), and 20 C.F.R. §§ 655.103(b) and 655.1300(c).

4

11. In 2017 and 2018, Plaintiff Enrique Valerio-Naranjo was an H-2A worker with an H-2A visa issued pursuant to 8 U.S.C. §§ 1101(a)(15)(H)(ii)(a), 1184(c), and 1188(a)(1) recruited by and employed by Defendants in agricultural and related work in or around Johnston and Sampson County, North Carolina, from approximately May to November in those same years. Throughout the entirety of those time periods in 2017 and 2018, Plaintiff Enrique Valerio-Naranjo was jointly employed by some if not all Defendants to perform agricultural and related work for Defendants and Defendants' enterprise(s), that Defendant(s) has operated and continues to operate, in or around Johnston and Sampson County, North Carolina, within the meaning of 29 U.S.C. §§ 203(d), 203(g), and 203(s)(1)(A), N.C. Gen. Stat. §§ 95-25.2(3) and 95-25.2(18), and 20 C.F.R. §§ 655.103(b) and 655.1300(c).

12. In 2017 and 2018, Plaintiff Juan Villalobos-Montelongo was an H-2A worker with an H-2A visa issued pursuant to 8 U.S.C. §§ 1101(a)(15)(H)(ii)(a), 1184(c), and 1188(a)(1) recruited by and employed by Defendants in agricultural and related work in or around Johnston and Sampson County, North Carolina, from approximately May to November in those same years. Throughout the entirety of those time periods in 2017 and 2018, Plaintiff Villalobos-Montelongo was jointly employed by some if not all Defendants to perform agricultural and related work for Defendants and Defendants' enterprise(s), that Defendant(s) has operated and continues to operate, in or around Johnston and Sampson County, North Carolina, within the meaning of 29 U.S.C. §§ 203(d), 203(g),

and 203(s)(1)(A), N.C. Gen. Stat. §§ 95-25.2(3) and 95-25.2(18), and 20 C.F.R. §§ 655.103(b) and 655.1300(c).

13. In 2017 and 2018, Plaintiff Alberto Sanchez-Sanchez was an H-2A worker with an H-2A visa issued pursuant to 8 U.S.C. §§ 1101(a)(15)(H)(ii)(a), 1184(c), and 1188(a)(1) recruited by and employed by Defendants in agricultural and related work in or around Johnston and Sampson County, North Carolina, from approximately May to November in those same years. Throughout the entirety of those time periods in 2017 and 2018, Plaintiff Sanchez-Sanchez was jointly employed by some if not all Defendants to perform agricultural and related work for Defendants and Defendants' enterprise(s), that Defendant(s) has operated and continues to operate, in or around Johnston and Sampson County, North Carolina, within the meaning of 29 U.S.C. §§ 203(d), 203(g), and 203(s)(1)(A), N.C. Gen. Stat. §§ 95-25.2(3) and 95-25.2(18), and 20 C.F.R. §§ 655.103(b) and 655.1300(c).

14. In 2017 and 2018, Plaintiff Jesus Valerio-Naranjo was an H-2A worker with an H-2A visa issued pursuant to 8 U.S.C. §§ 1101(a)(15)(H)(ii)(a), 1184(c), and 1188(a)(1) recruited by and employed by Defendants in agricultural and related work in or around Johnston and Sampson County, North Carolina, from approximately May to November in those same years. Throughout the entirety of those time periods in 2017 and 2018, Plaintiff Jesus Valerio-Naranjo was jointly employed by some if not all Defendants to perform agricultural and related work for Defendants and Defendants' enterprise(s), that Defendant(s) has operated and

continues to operate, in or around Johnston and Sampson County, North Carolina, within the meaning of 29 U.S.C. §§ 203(d), 203(g), and 203(s)(1)(A), N.C. Gen. Stat. §§ 95-25.2(3) and 95-25.2(18), and 20 C.F.R. §§ 655.103(b) and 655.1300(c).

V. DEFENDANTS

15. Defendant Jeffrey C. Lee Farms, Inc., is a corporation organized under the laws of the state of North Carolina in 2004. Jeffrey C. Lee, 5208 Meadowbrook Road, Benson, North Carolina 27504, is its registered agent for service of process.

16. In each of the calendar years 2014, 2015, 2016, 2017, and 2018 to date, Defendant Jeffrey C. Lee Farms, Inc., was and is a corporation "engaged in commerce or in the production of goods for commerce" within the scope and meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A), as in each of those same calendar years Defendant Jeffrey C. Lee Farms, Inc., had:

    a. employees who handled, sold or otherwise worked on goods or materials that had been moved in or produced for interstate commerce by another person, corporation, or partnership; and

    b. annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that were separately stated).

17. In each of the calendar years 2014, 2015, 2016, 2017, and 2018 to date, Defendant Jeffrey C. Lee Farms, Inc., was and is an employer of H-2A workers, as that term is defined in and by the H-2A regulations, 20 C.F.R. § 655.103(b). Defendant Jeffrey C.

7

Lee Farms, Inc., had and continues to have a place of business in the United States, a means to be contacted for employment, the ability to control the work of its H-2A employees, and a valid Federal Employer Identification Number.

18. At all times relevant to this complaint, Defendant Bernardo Perez has been and continues to be a resident of Johnston County, North Carolina.

19. At all times relevant to this complaint, Defendant Bernardo Perez has been and continues to be an employee of, and general manager and/or supervisor for, Defendant Jeffrey C. Lee Farms, Inc., described in ¶¶ 15-17 above, and the general manager and/or supervisor of Plaintiffs and those other persons that were and are employed by the above-described Defendant.

20. In that capacity as an employee and general manager and/or supervisor, described in ¶ 19 above, Defendant Bernardo Perez, acting on behalf of the above-captioned corporate Defendant, had and continues to have the right, and has regularly exercised on a day to day basis the right, to direct, control, and supervise the work of Plaintiffs and those other employees of the corporate Defendant described in ¶¶ 15-17 above.

21. At all times relevant to this complaint, the Defendants described in ¶¶ 15-20 above were joint and individual employers of the Plaintiffs within the meaning of 29 U.S.C. §§ 203(d) and (g), N.C. Gen. Stat. §§ 95-25.2(3) and 95-25.2(18), and 20 C.F.R. §§ 655.103(b) and 655.1300(c). *See* Exhibits A and B.

8

## VI. FACTUAL ALLEGATIONS

22. Defendants jointly and severally employed Plaintiffs to perform agricultural and related work for Defendants and Defendants' enterprise(s) in or near Johnston and Sampson County, North Carolina, in 2017 and/or 2018.

23. In 2017, Defendants jointly and severally employed Plaintiffs Ayala-Tovar, Juarez-Martinez, Perea-Monarca, Enrique Valerio-Naranjo, Villalobos-Montelongo, Sanchez-Sanchez, and Jesus Valerio-Naranjo to perform agricultural and related work for Defendants and Defendants' enterprise(s) in or near Johnston and Sampson County, North Carolina.

24. In 2017, Defendants promised to pay those Plaintiffs described in ¶ 23 above at an hourly rate of at least $11.27 per hour, or at the prevailing piece rate of $0.50 per unit, *whichever was highest*, for their work for Defendants, as mandated and required by 20 C.F.R. § 655.122(l), 81 Fed. Reg. 94,422 (Dec. 23, 2016), and the work contract that each Plaintiff had with Defendants in 2017. *See* Exhibit A.

25. In 2018, Defendants jointly and severally employed Plaintiffs Ayala-Tovar, Campos-Godines, Perea-Monarca, Enrique Valerio-Naranjo, Villalobos-Montelongo, Sanchez-Sanchez, and Jesus Valerio-Naranjo to perform agricultural and related work for Defendants and Defendants' enterprise(s) in or near Johnston and Sampson County, North Carolina.

26. In 2018, Defendants promised to pay those Plaintiffs described in ¶ 25 above at an hourly rate of at least $11.46 per

hour, or at the prevailing piece rate of $0.50 per unit, *whichever was highest*, for their work for Defendants, as mandated and required by 20 C.F.R. § 655.122(l), 82 Fed. Reg. 60,628 (Dec. 21, 2017), and the work contract that each Plaintiff had with Defendants in 2018. *See* Exhibit B.

27. Throughout the entirety of those time periods described in ¶¶ 22-26 above, Plaintiffs were required by Defendants to kick back wages to Defendants, which kickbacks reduced the net hourly wage of Plaintiffs to below the applicable adverse effect wage rate(s) ("AEWR") and/or the prevailing piece rate required by 20 C.F.R. § 655.122(l) and detailed above and violated the terms of the clearance order or work contract that each Plaintiff had with Defendants for each and every workweek of Plaintiffs in 2017 and/or 2018. *See* Exhibits A and B.

28. Throughout the entirety of those time periods described in ¶¶ 22-26 above, Plaintiffs were required by Defendants to kick back wages to Defendants, which kickbacks frequently or regularly reduced the net hourly wage of Plaintiffs to below the minimum wage of $7.25 per hour required by the FLSA for Plaintiffs' weekly wage(s).

29. Throughout the entirety of those time periods described in ¶¶ 22-26 above, and as alleged in ¶¶ 27-28 above, Defendants, as a term and condition of Plaintiffs' employment for Defendants, required Plaintiffs and other employees to kick back from paychecks they received a substantial portion of their wages to Defendants, in the form of mandatory purchases of food and meals,

10

clothing, alcohol, cigarettes, and/or other items, at significantly elevated and above market prices that exceeded the actual and reasonable costs to Defendants and included profits for or to Defendants.

30. Throughout the entirety of those time periods described in ¶¶ 22-26 above, and as alleged in ¶¶ 27-29, each Plaintiff kicked back on average from $150.00 to $300.00 of their wages from weekly paychecks to Defendants, which kickbacks frequently or regularly reduced the net hourly wage(s) and wage rates of Plaintiffs to below the AEWR, the contractually-promised wage and/or piece rate(s), and/or the federal minimum wage for many of the workweeks during those same time periods.

31. The forced kickbacks described in ¶¶ 27-30 above suffered by Plaintiffs and other H-2A workers were mandatory, and were a term and condition of their employment for Defendants.

32. Throughout the entirety of those time periods described in ¶¶ 22-26 above, Plaintiffs were not allowed access to cooking or kitchen facilities and were not allowed to cook or prepare their own food or meals, in breach of the clearance order or work contract that each Plaintiff had with Defendants in 2017 and/or 2018, and in violation of 20 C.F.R. § 655.122(g). *See* Exhibits A and B.

33. Throughout the entirety of those time periods described in ¶¶ 22-26 above, Plaintiffs that did not consume alcohol or tobacco or related products were nonetheless still regularly required by Defendants to kickback wages to Defendants in the form

11

of mandatory purchases of alcohol and cigarettes from Defendants, as a term and condition of their employment by and for Defendants.

34. Throughout the entirety of those time periods described in ¶¶ 22-26 above, and at all times relevant to this Complaint, Defendants did not and do not have any license to sell the items described in ¶ 33 above.

35. Throughout the entirety of those time periods described in ¶¶ 22-26 above, if and when any Plaintiff did not kick back to Defendants what Defendants deemed to be an adequate amount of wages from any paycheck, the Plaintiff was retaliated against, reprimanded, and/or subjected to an adverse employment action(s) for the inadequate kickback to Defendants of wages from the Plaintiff's paycheck.

36. Similarly, throughout the entirety of those same time periods described in ¶¶ 22-26 above, if and when a Plaintiff protested or complained about the forced kickbacks described in ¶¶ 27-35 above, the Plaintiff was retaliated against, threatened, reprimanded, and/or subjected to an adverse employment action(s) because of the protest(s) or complaint(s).

37. The forms and manners of retaliatory action, reprimand(s), and/or adverse employment action described in ¶¶ 35-36 above included but were not limited to discharge, suspension, demotion, retaliatory relocation, and/or failure to recall, rehire, and/or renew employment contracts.

38. Defendants willfully and/or recklessly required Plaintiffs, as a term and condition of their employment for

12

Defendants, to kick back wages to Defendants from Plaintiffs' wages, as alleged and described in ¶¶ 27-37 of this Complaint.

39. As detailed in ¶¶ 27-37 of this Complaint, throughout the entirety of the time periods described in ¶¶ 22-26 above, and continuing to the present, Defendants failed to pay all wages owed to Plaintiffs, in violation of N.C. Gen. Stat. § 95-25.6.

40. As detailed in ¶¶ 27-37 of this Complaint, throughout the entirety of the time periods described in ¶¶ 22-26 above Defendants failed to pay all wages owed to Plaintiffs when those wages were due to Plaintiffs, in violation of N.C. Gen. Stat. § 95-25.6.

VII. FIRST CLAIM FOR RELIEF (NCWHA)

41. Plaintiffs adopt and reallege paragraphs one through 40 above as though fully set out herein.

42. As alleged and described in ¶¶ 22-37 of this Complaint, Defendants failed to pay all wages owed to Plaintiffs, as required by and under N.C. Gen. Stat. § 95-25.6.

43. As a result of those above-described acts or omissions by Defendants, Plaintiffs have suffered damages in the form of unpaid wages and liquidated damages that may be recovered pursuant to N.C. Gen. Stat. §§ 95-25.6 and 95-25.22.

VIII. SECOND CLAIM FOR RELIEF (FLSA)

44. Plaintiffs adopt and reallege paragraphs one through 43 above as though fully set out herein.

45. As alleged and described in ¶¶ 22-37 of this Complaint, Defendants failed to pay all wages owed to Plaintiffs at the rate

13

required by 29 U.S.C. § 206(a) for the work described in ¶¶ 22-26 above.

46. As a result of those acts or omissions by Defendants, in reckless disregard of the rights of Plaintiffs under 29 U.S.C. § 206(a), Plaintiffs have suffered damages in the form of unpaid wages and liquidated damages that may be recovered pursuant to 29 U.S.C. § 216(b).

IX. <u>THIRD CLAIM FOR RELIEF (Clearance Order or work contract)</u>

47. Plaintiffs adopt and reallege paragraphs one through 46 above as though fully set out herein.

48. As alleged and described in ¶¶ 22-37 of this Complaint, Defendants violated their contractual duty to Plaintiffs to pay all wages owed to Plaintiffs when those wages were due to Plaintiffs, as required by the terms of the clearance order or work contract(s) described in ¶¶ 24-27 and 32 of this Complaint, and further described in and by 20 C.F.R. §§ 655.122, 655.1304, and 655.1305, that each Plaintiff had with Defendants in 2017 and/or 2018.

49. As a result of those acts or omissions by Defendants, Plaintiffs have suffered damages in the form of unpaid and/or lost wages or compensation and compensatory damages that may be recovered under the common law of contracts.

WHEREFORE, Plaintiffs pray that this Court:

(a) Find the Court has jurisdiction over Plaintiffs' claims;

14

(b) Grant a jury trial on all issues so triable;

(c) Enter judgment against Defendants, jointly and severally, and in favor of Plaintiffs for back wages and liquidated damages under N.C. Gen. Stat. §§ 95-25.22(a) and 95-25.22(a1), plus interest in the manner and at the rate prescribed by N.C. Gen. Stat. § 95-25.22(a), in connection with Plaintiffs' First Claim for Relief in an amount equal to the total of the unpaid wages due each Plaintiff under N.C. Gen. Stat. §§ 95-25.6 and 95-25.22(a), plus an equal and additional amount in liquidated damages pursuant to N.C. Gen. Stat. § 95-25.22(a1), plus interest in the manner and at the rate prescribed by N.C. Gen. Stat. § 95-25.22(a);

(d) Enter judgment against Defendants, jointly and severally, and in favor of Plaintiffs for back wages and liquidated damages under 29 U.S.C. § 216(b) in connection with Plaintiffs' Second Claim for Relief in an amount equal to the total of the unpaid wages due each named Plaintiff under 29 U.S.C. §§ 206(a) and 216(b), plus an equal and additional amount in liquidated damages pursuant to 29 U.S.C. § 216(b);

(e) Enter judgment against Defendants, jointly and severally, and in favor of Plaintiffs for compensatory damages in connection with Plaintiffs' Third Claim for Relief in an amount equal to the total amount of compensation due each Plaintiff in compensatory damages for each and every workweek and work season that Plaintiffs suffered an economic loss or lost wages as a proximate result of Defendants' or a Defendant's failure to comply

with either the express written terms of the clearance order or work contract that Plaintiffs had with Defendants in 2017 and/or 2018, or the requirement(s) of any federal regulation governing employers' employment of H-2A workers through and under the H-2A program that was incorporated into the same clearance order(s) or work contract(s) between Plaintiffs and Defendants;

(f) Issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 that Defendants violated Plaintiffs' rights under the FLSA and other applicable law;

(g) Award Plaintiffs the costs of this action against Defendants, jointly and severally;

(h) Award Plaintiffs reasonable attorney fees against Defendants, jointly and severally, under N.C. Gen. Stat. §§ 95-25.22(d) and 29 U.S.C. § 216(b);

(i) Award Plaintiffs prejudgment and post-judgment interest as allowed by law;

(j) Enjoin Defendants from any further violation of laws alleged herein; and,

(k) Award such other relief as this Court may deem just and proper in this action.

Respectfully submitted this 14th day of January, 2021.

BY: /s/ Aaron V. Jacobson
Aaron V. Jacobson
N.C. State Bar No. 44065
Legal Aid of North Carolina, Inc.
224 South Dawson Street
Raleigh, NC  27601
Telephone: (919) 714-6038
Fax: (919) 714-6864
Email: AaronJ@legalaidnc.org

BY: /s/ Lori J. Johnson
Lori J. Johnson
N.C. State Bar No. 24227
Legal Aid of North Carolina, Inc.
224 South Dawson Street
Raleigh, NC 27601
Telephone: (919) 856-2180
Fax: (919) 714-6587
Email: LoriE@legalaidnc.org

Counsel for Plaintiffs

# CERTIFICATE OF SERVICE

This is to certify that the undersigned have on this date electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which system will send a notice of electronic filing to all counsel of record in the above-captioned matter, including the following counsel(s) of record for Defendants:

> Regina W. Calabro
> Kevin S. Joyner
> Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
> 4208 Six Forks Road
> Suite 1100
> Raleigh, North Carolina 27609
> Gina.Calabro@ogletreedeakins.com
> Kevin.Joyner@ogletreedeakins.com
>
> *Attorneys for Defendants*

This the 14th day of January, 2021.

> /s/ Aaron V. Jacobson
> Aaron V. Jacobson
> North Carolina Bar # 44065
> Legal Aid of North Carolina
> Farmworker Unit
> 224 South Dawson Street
> Raleigh, North Carolina 27601
> Telephone: 919-714-6038
> Facsimile: 919-714-6864
> Email: aaronj@legalaidnc.org
>
> *Attorney for Plaintiffs*